UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JEFFERY D. PUCKETT,                  )
                                     )
                 Plaintiff,          )
       vs.                           )
                                     )      1:11-cv-602-WTL-MJD
STATE OF INDIANA, et al.,            )
                                     )
                 Defendants.         )

**Entry Dismissing Action and Directing Entry of Final Judgment**

Jeffery C. Puckett seeks a declaratory judgment, injunctive relief and damages based on the asserted violation of his federally secured rights. Having considered the complaint and being duly advised, the court finds that the action must be dismissed.

**Discussion**

Because Puckett is a prisoner, his complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* The standard of review under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000).

To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); A complaint must always . . . allege ≥enough facts to state a claim to relief that is plausible on its face.≡ *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). AA pleading that offers ≥labels and conclusions' or ≥a formulaic recitation of the elements of a cause of action will not do.= Nor does a complaint suffice if it tenders ≥naked assertion[s]= devoid of ≥further factual enhancement.≡ *Id.* (quoting *Twombly,* 550 U.S. at 555, 557).

Though "specific facts are not necessary," a plaintiff must provide enough detail to "present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). In applying these standards, the court construes pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch,* 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Puckett's claims are asserted pursuant to 42 U.S.C. ' 1983.[1] Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

According to his complaint, Puckett was prosecuted in the Johnson Superior Court 3. After being convicted, Puckett appealed. The Indiana Court of Appeals ordered that certain convictions be vacated and Puckett's sentence modified. *Jeffrey D. Puckett v. State of Indiana*, 843 N.E.2d 959 (Ind.Ct.App. 2006). Puckett alleges that the Court of Appeals' instructions were not followed properly and that as a result he served 424 days in prison. Puckett alleges that through his prosecution and the proceedings which followed his directed appeal the defendants violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, all of which this allegedly occurred pursuant to an official policy of Johnson County and/or the City of Franklin. Puckett "claims he is still in violation of ongoing punishment under same cause as a Judgment against Defendant." The court understands this to be an unartful way of alleging that he continues to suffer ill effects of the alleged misconduct, not that he is committing a violation of some aspects of the rulings in the criminal prosecution.

Applying the foregoing standards, Puckett's complaint must be dismissed for failure to state a claim upon which relief can be granted. This conclusion rests on the following facts and circumstances:

- Judge Kim Van Valler of Johnson Superior Court 3 is described as having acted in her judicial capacity. As such, she is immune from liability under ' 1983. *See Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir. 1995).

- Kahleen Hash and Lance Hamner of the Johnson County Prosecutor=s Office are immune from damages for their actions related to initiating and

---

[1] Although other statutes are mentioned, none is remotely implicated by Puckett's allegations, and hence is not mentioned further.

pursing criminal prosecution and in presenting the State=s case. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

- Johnson County Commissioners Tom Kite, Troy DeHart and John Pride were allegedly responsible for the training, supervision, and conduct of the Johnson County prosecutors and the judge assigned to Puckett's criminal case. There are no factual allegations to support this conclusion and therefore it need not be considered by the court. Prosecutions in Indiana are brought by the State of Indiana, not by each county. Additionally, state court judges act independently of county commissioners.

- Under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation. *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985). The State of Indiana has not waived its immunity from federal actions brought under § 1983, *See Meadows v. State of Indiana,* 854 F.2d 1068, 1069-70 (7th Cir. 1988), and Congress has not abrogated this immunity, *Quern v. Jordan,* 440 U.S. 332, 338-45 (1979). The claim against the State of Indiana is not viable.

- The violations of Puckett's federally secured rights allegedly occurred pursuant to an official policy of Johnson County and the City of Franklin. These municipal entites are "persons" within the meaning of Section 1983, *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978), but there is no plausible allegation of a municipal policy or custom whereby they could be held liable for the legal harm Puckett alleges. *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514-15 (7th Cir. 2007).

- Puckett's complaint could be understood to seek review of decisions made in an Indiana state court in a case to which the plaintiff was a criminal defendant. Further, to the extent that Puckett's claim that he is "still in violation of ongoing punishment under same cause as a Judgment against Defendant" could be understood to challenge the fact of his current incarceration such a challenge is inappropriate for a civil rights action because an action for a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the court is not at liberty to convert that portion of the action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Any challenge to the fact or duration of Puckett's confinement is dismissed for failure to state a claim upon which relief may be granted.

**III.**

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _09/13/2011_____

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana